## Hart, Admr., v. Foster.

*Negligence — Error to direct verdict, when — Questions for jury — Proximate cause of death — Substantial compliance with statute — Section 4658, General Code — Exits in tenement houses — Death in attempting to escape from fire.*

Plaintiff's intestate was a tenant in defendant's apartment house in which access to the only fire escape available to the deceased was through a hallway. Fire in the hallway prevented her from reaching the fire escape, and she dropped from a window and was killed. Action was then brought, it being predicated upon a claimed violation of Section 4658, General Code, which requires among other things that tenement houses more than two stories in height be provided with exits from the upper stories easily accessible in case of fire. At the close of plaintiff's testimony a motion to direct a verdict for the defendant was sustained. *Held:*

1. That such action of the court was erroneous, for whether or not there had been a substantial compliance with such statute and whether or not the failure to so comply was the proximate cause of the death of the deceased were questions for the jury.

2. The fact that there were exits did not determine compliance with such statute. Substantial compliance is required and is to be decided as a matter of fact from all the circumstances.

(Decided January 21, 1918.)

Error: Court of Appeals for Cuyahoga county.

*Messrs. Hart & Hart* and *Mr. H. B. McBee,* for plaintiff in error.

*Messrs. Kline, Clevenger, Buss & Holliday,* for defendant in error.

Lieghley, J. The parties stood in the same order in the court below.

At the time of the injuries complained of, the defendant, Edwin J. Foster, was the owner of the leasehold upon an apartment house located on the

north side of Prospect avenue in the city of Cleveland, Ohio. Said apartment house was three stories in height, the lower floor of which was divided into storerooms, and the second and third floors of which were apartments rented to tenants. A large hall ran lengthwise in an easterly and westerly direction through the center of the second and third stories, separating six apartments on the north and six apartments on the south side on each floor. The hallway of the third floor was lighted by means of a skylight in the roof, and the floor of the hallway on the third floor contained large open spaces through which light passed from the skylight for the purpose of lighting the hallway of the second floor.

Two fire escapes were provided on the south side of said apartment house, which were accessible to the tenants in the apartments on the south side thereof directly from the apartments themselves. At the extreme westerly end of the hallway, an exit was provided to the north side of the building, accessible only through the main hallway. There was an inside stairway leading from the third floor to the main floor located at about the center of the building. No fire escapes located correspondingly to those on the south side were provided for the tenants on the north side of the building. There was no exit at the extreme easterly end of the said main hallway. The above constitute all the exits for the tenants on the third floor available in the event of fire.

On the 28th day of March, 1916, the deceased, Mary Myrtle Melchior, was a tenant living with her husband in suite 15, being the third suite from

the westerly end of the building on the third floor on the north side. In the night season she was awakened, and discovered the building on fire. She attempted to get out through the doors leading into the main hallway, but the fire had progressed to such a stage that escape in that direction was cut off thereby. She then resorted to the only other avenue of escape left to her, the windows in her apartments on the north side of the building, where she remained on the window sill and hanging thereto until she dropped from exhaustion to the ground below, sustaining injuries in said fall from which she subsequently died.

The plaintiff, I. A. Hart, was thereupon appointed administrator of her estate and instituted these proceedings in the court below to recover damages from said defendant for wrongful death. The case came to trial, and at the close of plaintiff's testimony, upon motion by the defendant for a directed verdict, said motion was sustained and judgment entered for the defendant. Error is prosecuted to this court to reverse the same.

The action was predicated upon a claimed violation of Section 4658, General Code, which reads as follows:

"If a factory, workshop, tenement house, inn or public house is more than two stories high, the owner or agent of the owner shall provide convenient exits from the different upper stories thereof, which shall be easily accessible in case of fire, and the owner or person having control of an inn or public house where travelers or boarders are lodged above the second story thereof, shall also

provide a good rope or other life line for each sleeping room for guests above such story."

It was stated to us that the court below directed a verdict upon the ground that whether or not the statute was complied with, a failure to substantially comply therewith would not have been the proximate cause of the injuries which the deceased sustained. Or, otherwise stated, a substantial compliance with the statute would not require the erection of a fire escape accessible from the windows of the apartments occupied by the deceased.

The law is established that a violation of this statute constitutes negligence *per se. The Variety Iron & Steel Works Co.* v. *Poak,* 89 Ohio St., 297.

If the number of exits and their character and location at the time in question amounted to a substantial compliance with said statute, necessarily there existed no right of recovery.

Suppose this case had been submitted to the jury and resulted in a finding by it that under the circumstances of this case the defendant had failed to provide convenient exits from this third story, easily accessible in case of fire, as required by the statute. Then the next inquiry would have been, What was the proximate cause of the injuries which the deceased sustained? or, Was the failure to comply with the statute the proximate cause of her injuries? The trial judge decided that any reasonable compliance with the statute would not have required a fire escape or exit accessible from the windows of suite 15. And the escape of deceased being barred in all other directions by the fire in the hall, any violation of statute could not be the proximate cause. If this is a conclusion

which all reasonably prudent men would reach under the circumstances, then the fact may be regarded as conceded and determined, and it remained for the court to apply the law.

It is urged to us that it is not a conceded fact that a compliance with this statute would not result in placing a fire escape accessible from these windows. Certain existing conditions are emphasized as presenting a situation requiring the intervention of a jury to say what result obedience to the statute would produce. There are fire escapes on the south side of the building accessible to the tenants from the outside windows, and none on the north side. There is an exit from the extreme west end of the main hallway, but not from the east end. In the event of fire, the tenants on the north side can escape only through the main hall. The hall, with its large open spaces, thereby causing a draft in case of fire, is designed to accelerate the fire in the hallway and foreclose egress in that direction.

It is the duty of the trial court to interpret and explain the statute to the jury. It is the province of the jury from all the facts and circumstances in the case to determine whether or not there has been a substantial compliance with the statute. Whether or not there has been a substantial compliance therewith is purely a question of fact for the jury.

The fact that there are exits does not determine compliance. Substantial compliance is required, and is to be decided as a matter of fact from all the circumstances. A statute requires saws to be guarded. Any kind of a board does not constitute a guard. The guard must be such as meets the contemplation of the statute, and anything short of

this is no guard. So, in this case at bar, the exits must be in such number and as contemplated by the statute so located as to provide the safety intended, and anything short of this in number and location is no compliance. *Milburn Wagon Co.* v. *Gawronski,* 14 C. C., N. S., 449; affirmed, 81 Ohio St., 565, and former judgment adhered to, 82 Ohio St., 421.

It seems to us, a violation having been found by the jury, that whether or not a substantial compliance would require an exit so placed under the distinctive facts of this case would be a matter about which reasonably prudent men might well disagree. Whether or not a failure to comply was the proximate cause of the injuries which the deceased sustained, under the circumstances of this case, we think was decidedly a jury question. *L. S. & M. S. Ry. Co.* v. *Lüdtke,* 69 Ohio St., 384; *Ziehr* v. *The Maumee Paper Co.,* 7 C. C., N. S., 144; *Bresewski* v. *The Royal Brush & Broom Co.,* 8 C. C., N. S., 457, and *Gibbs* v. *Village of Girard,* 88 Ohio St., 34.

It was argued to us that if we reverse the judgment below, the same would amount to a judicial finding that as a matter of law the statute requires a fire escape at every apartment in this building, and would result in plastering the outside walls with fire escapes. Such a conclusion is not tenable, and we decidedly do not so hold. We do hold, however, that it is a question of fact for the jury to say, under the peculiar and particular facts of this case, whether or not a substantial compliance with the requirements of this statute would result in placing an exit easily accessible to the ten-

ants of this apartment from the outside windows thereof.

The judgment of the court below is reversed, and the cause remanded for further proceedings according to law.

*Judgment reversed, and cause remanded.*

GRANT and CARPENTER, JJ., concur.